Gehm v. Stark, 187 Ill. App. 185.

Fred Gehm, Defendant in Error, v. George Stark, Plaintiff in Error.

Gen. No. 19,690.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed May 25, 1914.

## Statement of the Case.

Action by Fred Gehm against George Stark on a claim for services and commission alleged to be due in negotiating a real estate transaction between defendant and Kilian Binder, wherein plaintiff secured the said Binder to sell to defendant certain real estate. Defendant in his statement of defense denied that plaintiff negotiated such transaction or that he secured Binder to sell to him the property in question The cause was submitted to the court and there was a finding and judgment in favor of plaintiff for one hundred dollars. To reverse the judgment, defendant prosecutes a writ of error.

CAMPE, KOEBEL & MECHLING, for plaintiff in error.

KAPLAN & KAPLAN and ABRAM Z. ZIETLEIN, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 36*—*when real estate broker not entitled to commissions from purchaser.* In an action by a real estate broker against a purchaser for services and commissions in procuring a third person to sell real estate to defendant, *held* that a finding for plaintiff was not sustained by the evidence, it appearing that the plaintiff procured from the owner an offer to sell for ten thousand

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

dollars and he was authorized by defendant to offer nine thousand dollars and thereafter a sale was consummated for nine thousand five hundred dollars in a transaction with another broker in which plaintiff took no part.

2. BROKERS, § 36*—*when broker's commission earned.* A broker's commission is earned only when he procures a buyer, if he represents the seller, or a seller, if he represents the buyer, who will comply with the terms and conditions of sale fixed by the principal.

3. BROKERS § 99b*—*when recovery cannot be sustained as on a quantum meruit.* In an action by a real estate agent against a purchaser to recover for his services and commissions in procuring an owner to sell real estate, where the evidence showed the plaintiff was not entitled to a commission, *held* that a judgment in favor of plaintiff could not be sustained as a recovery on a *quantum meruit* for his services, where the only evidence for plaintiff as to the value of his services was what he usually charged in negotiating such a sale, and such evidence was inadmissible for the reason that he did not negotiate the transaction and there was no testimony in the record as to the reasonable value of plaintiff's services.